UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN DUDLA - D/B/A NU VISIONS
ENTERPRISES,

       Plaintiff,

  -against-          1:13-cv-0333 (LEK/RFT)

P.M. VEGLIO, LLC - D/B/A PAUL
MITCHELL THE SCHOOL OVEIDO;
*et al.*,

       Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

In this breach of contract action, Defendants have moved to dismiss the Complaint for, *inter alia*, lack of subject matter jurisdiction. Dkt. Nos. 9 ("Motion to Dismiss"); 1 ("Complaint"). *Pro se* Plaintiff Shawn Dudla d/b/a/ Nu Visions Enterprises[1] ("Plaintiff") has filed an Amended Complaint and cross-moved for permission to do so. Dkt. Nos. 11 ("Amended Complaint"); 12 ("Motion to Amend"). For the following reasons, the Motion to Dismiss is denied as moot, the Motion to Amend is granted in part, and, in order to ensure that subject matter jurisdiction exists, Defendant Guilio Veglio ("Veglio") is ordered to provide an affidavit regarding his domicile as of the commencement of this action.

**II. BACKGROUND**

The parties are presumed to be familiar with the background of this case. For a complete

---

[1] Plaintiff is a sole proprietorship. Dkt. No. 11 ("Amended Complaint") ¶ 1. Thus, it may be represented by its sole proprietor, Shawn Dudla ("Dudla"). See Oberstein v. SunPower Corp., No. 07-CV-1155, 2008 WL 630073 (E.D.N.Y. Mar. 5. 2008)

statement of Plaintiff's allegations and claims, reference is made to the Amended Complaint.

Plaintiff commenced this action by filing the Complaint on March 25, 2013. On June 20, 2013, Defendants filed the Motion to Dismiss, in which they sought dismissal based on, *inter alia*, Plaintiff's failure to adequately allege diversity jurisdiction. Mot.; Dkt. No. 9-1 ("Memorandum"). On July 17, 2013, Plaintiff filed the Motion to Amend, a copy of the Proposed Amended Complaint, and a supporting Affidavit. Mot. to Amend; Dkt. No. 12-1 at 1-23[2] ("Affidavit"); 42-81 ("Proposed Amended Complaint"). That same day, he separately filed the unsigned Amended Complaint. Defendants then filed a Letter noting that, although they did not consent to the Motion to Amend, they had not filed an opposition because Plaintiff had not complied with the Local Rules. Dkt. No. 15 ("Letter").

### III.  MOTION TO AMEND

Pursuant to Federal Rule of Civil Procedure Rule 15(a)(1), a party may amend her pleading as a matter of course within 21 days of service of a Rule 12(b) motion to dismiss.[3] Amendment is effective upon receipt of the amended pleading by the clerk. See Obot v. I.R.S., No. 12-CV-01053, 2013 WL 6490256, at *4 (W.D.N.Y. Sept. 26, 2013) (noting that Rule 15 provides for a twenty-one day period for the "fil[ing]" of an amended pleading); S.S. Dweck & Sons, Inc. v. Hasbani, No. 12 Civ. 6548, 2013 WL 3963603, at *3 (S.D.N.Y. Aug. 1, 2013) (same); Trzeciak v. State Farm Fire & Cas. Co., No. 10-CV-358, 2011 WL 831126, at *2 n.1 (N.D. Ind. Mar. 1, 2011) (deeming amended complaint filed on day it was docketed); FED R. CIV. P. 5(d)(2) (noting that a "paper is filed by delivering it . . . to the clerk"). Service of a motion by mail is effective on the date of mailing. FED.

---

[2] The pagination corresponds to the page numbers assigned by ECF.

[3] If a party does not amend as a matter of course, it may do so "only with the opposing party's written consent or the court's leave." FED R. CIV. P. 15(a)(2).

R. CIV. P. 5(b)(2)(C). The deadlines for a party upon whom service is made by mail are extended by three days. Id. 6(d). A deadline that falls on a weekend day is extended until the following Monday. Id. 6(a)(1)(C).

Defendants mailed the Motion to Dismiss to Plaintiff on June 20, 2013. See Mot. Plaintiff had twenty-four days thereafter to amend the Complaint as a matter of course. See Davis v. U.S. Bank Nat. Ass'n, No. 10-13394, 2011 WL 281040, at *3 (E.D. Mich. 2011). Because the deadline fell on July 14, 2013, a Sunday, Plaintiff had until the following day to amend his complaint. Although Plaintiff mailed the Amended Complaint on July 15, 2013, see Aff. ¶ 7, it was not received for filing until two days later, see Am. Compl. at 1, after the expiration of the matter-of-course period.

However, Federal Rule of Civil Procedure 6(b) provides that even already passed deadlines may be extended by motion where a movant demonstrates "excusable neglect." This applies to extension of the Rule 15(a)(1) period for amending as a matter of course. See Hayes v. District of Columbia, 275 F.R.D. 343 (D.D.C. 2011); FED R. CIV. P. 6(b)(2) (barring extensions of deadlines under certain non-Rule 15 rules). In accordance with the duty to construe *pro se* filings liberally, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court construes Plaintiff's Affidavit—in which he argues that the Amended Complaint constitutes an amendment as of course because he mailed it within twenty-one days of receiving the Motion to Dismiss—as a motion to extend the deadline for amending as of course. See Aff. ¶¶ 3-8; Hayes, 275 F.R.D. at 346 (construing motion for reconsideration as a motion to retroactively extend the amendment-as-of-course deadline).

To determine whether a late filing is the result of excusable neglect, a district court should

3

consider: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004). "[E]xcusable neglect is an elastic concept, that is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id.

Plaintiff's late filing was the result of excusable neglect. Defendants have raised no substantive issues regarding the Amended Complaint, see Letter, and thus have not demonstrated any prejudice from its filing. The Amended Complaint was filed a mere two days after the deadline; this delay has had a negligible impact, if any, on the proceedings. The delay was the result of *pro se* Plaintiff's incomplete understanding of a number of complex, interrelated civil procedure rules and their judicial interpretations—including one principle, that a pleading is amended under Rule 15(a)(1) when it is filed, that is not made explicit by the Federal Rules of Civil Procedure and has not received extensive judicial discussion. Cf. Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) ("[N]eglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations."). And, as there is no indication that Plaintiff's delay was the result of anything other than this misunderstanding, Plaintiff acted in good faith. Thus, the Court grants Plaintiff a retroactive two-day extension of the Rule 15(a)(1) deadline for filing an amendment as of course. The Amended Complaint therefore constitutes an amendment as of course and becomes the operative pleading in this matter. The Motion to Dismiss, which sought dismissal of the Complaint, is denied as moot. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 120 n.2 (2d Cir. 2006).

However, the Amended Complaint is unsigned. See Am. Compl. at 40. Federal Rule of

4

Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."[4] Additionally, a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Id. Plaintiff is therefore given 21 days to file a signed copy of the Amended Complaint. Upon filing, the signed Amended Complaint will replace the Amended Complaint as Docket Number 11.

## IV. SUBJECT MATTER JURISDICTION

### A. Legal Standard

"[F]ederal courts are courts of limited jurisdiction." Purdue Pharma L.P. v. Kentucky 704 F.3d 208, 213 (2d Cir. 2013); see also U.S. CONST. art. III, § 2. Even when a Rule 12(b)(1) motion has not been brought, "a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court." Alliance of Am. Insurers v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988). Indeed, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Where the existence of diversity jurisdiction is uncertain, a court may seek additional briefing. See DirecTV Latin America, LLC v. Park 610, LLC, 691 F. Supp. 2d 405, 415 (S.D.N.Y. 2010).

The only asserted basis for subject matter jurisdiction in this case is diversity jurisdiction, which is codified at 28 U.S.C. § 1332. See Am. Compl. ¶ 7. Diversity jurisdiction requires "complete" diversity: no adverse parties may be citizens of the same state.[5] See Herrick Co. v. SCS

---

[4] However, "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified." FED R. CIV. P. 11.

[5] 28 U.S.C. § 1332 also requires that there be more than $75,000 in controversy. Plaintiff alleges that Defendants owe him $103,198.32 for services he performed. Am. Compl. ¶ 7.

Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2000) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)); see also St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citing Owen Equipment, 437 U.S. at 373-74)). Diversity jurisdiction depends on the citizenship of the parties at the time an action is commenced. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998)

"It is well established that, where a party is a sole proprietorship, it takes on the citizenship of its proprietor." District Council 1707 v. Strayhorn, No. 11 Civ. 7911, 2013 WL 1223362, at *4 (S.D.N.Y. Mar. 25, 2013). At any given time, an individual is a citizen of only one state: her domicile. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Nat'l Artists Mgmt. Co. v. Weaving, 769 F. Supp. 1224, 1227 (S.D.N.Y. 1991). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998) (quotation marks omitted). Among the factors considered in determining domicile are:

> [C]urrent residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, payment of taxes . . . whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

Halbritter v. Stonehedge Acquisition Rome II, LLC., No. 07 Civ. 3848, 2008 WL 926583, at *3

---

Defendants have not argued otherwise. See generally Mot.; Letter. Plaintiff has therefore sufficiently alleged that the amount-in-controversy requirement is met. See Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003) ("[W]e recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.").

(S.D.N.Y. Apr. 2, 2008) (citations and quotation marks omitted).

The party invoking diversity jurisdiction bears the burden of persuasion in establishing, by a preponderance of the evidence, an individual's initial domicile. Apace Commc'ns, Ltd. v. Burke, No. 07-CV-6151, 2009 WL 1748711, at *3 (W.D.N.Y. 2009). Once this initial showing has been made, there is a presumption that domicile has continued. See Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984). A change of domicile can be shown only by clear and convincing evidence of the "intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality." Id. at 243-44; see also Apace, 2009 WL 1748711, at *3 ("Both physical presence and intent to remain are required for a change in domicile to occur; either without the other is insufficient." (citing Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)).

**B. Discussion**

Plaintiff, a sole proprietorship, is a citizen of New York. Although the Complaint and Amended Complaint contain allegations regarding only Plaintiff's mailing address and principal business address rather than its proprietor's domicile, see Am. Compl. ¶ 1; Compl. ¶ 2, the Complaint attaches Dudla's affidavit in the Florida action alleging that he has resided in New York for 53 years. Dkt. No. 1-3 at 2.[6] This extended period of New York residence, combined with evidence that Dudla's business is based in New York, see Am. Compl. ¶ 1; Compl. ¶ 2, indicates that Dudla had a New York domicile as of March 2013. Plaintiff is therefore a citizen of New York for diversity jurisdiction purposes. Thus, if any of the Defendants were also citizens of New York at the time the Complaint was filed, complete diversity is lacking.

---

[6] The pagination corresponds to the page numbers assigned by ECF.

The Court finds that additional briefing is needed as to Defendant Veglio's citizenship. The Complaint contains only one relevant allegation: "[Veglio] resides at his apartment for his use located at 426 State Street, apt. 4, Schenectady, New York 12305." Compl. ¶ 4. Defendants sought to dismiss the Complaint because this allegation indicated that Veglio was a citizen of New York. See Mem. at 3-4. But they provided no affirmative evidence of Veglio's citizenship. See id. at 4. Plaintiff then filed the Amended Complaint, in which he alleges that Veglio has "dual state citizenship." Am. Compl. ¶ 4. According to Plaintiff, Veglio resided in Florida until the August 2012 commencement of a "highly contested [Florida] matrimonial proceeding" and has resided in a New York "corporate owned apartment" since then. Id. Plaintiff's Affidavit contains similar allegations. Aff. ¶¶ 15-16.

The Amended Complaint indicates that Veglio was domiciled in Florida prior to August 2012. It alleges that Veglio resided in Florida during this period, and Plaintiff has provided filings from a number of entities for whom Veglio was an agent, as well as a Florida telephone directory listing, indicating likewise. See Dkt. No. 11-13 at 1, 6, 8, 10.[7] While domicile and residence are distinct, the latter bears on the former. See Lee v. Charles, No. 12 Civ. 7374, 2013 WL 5878183, at *3 (S.D.N.Y. Nov. 1, 2013) (finding plaintiff domiciled in state where she was "living predominantly"); Herzberg v. MegaSpirea Productions SAS, No. 07 CIV. 10503, 2009 WL 702234, at *2 (S.D.N.Y. Mar.10, 2009) (noting that telephone listings bear upon the issue of domicile). In light of the absence of any evidence suggesting that Veglio was domiciled elsewhere prior to August 2012, Plaintiff has met his burden of establishing Veglio's initial Florida domicile. Cf. Pacho v. Enterprise Rent-A-Car, 510 F. Supp. 2d 331, 335 (S.D.N.Y. Sept. 18, 2007) (finding initial domicile

---

[7] The pagination corresponds to the ECF order.

sufficiently established based on uncontradicted allegations of party's birth place).

However, the Amended Complaint indicates that Veglio may have changed his domicile to New York at some point between his August 2012 residence change and the filing of the Complaint in March 2013. Certainly, there is not clear and convincing evidence that Veglio had the requisite intent to alter his domicile: Plaintiff alleges that Veglio lived in a corporate-owned residence, and presents evidence that a Florida telephone directory continued to list Veglio as a resident of Florida well after his residence change. See Halbritter, 2008 WL 926583, at *3 (finding that plaintiff did not have the intent to change her domicile because she maintained a home in her original domicile); Tanon v. Muniz, 312 F. Supp. 2d 143, 149 (D.P.R. 2004) (finding that plaintiff who never sold her residence in Puerto Rico lacked intent to change her domicile to Florida); cf. Apace, 2009 WL 1748711, at * 1 (finding change of domicile where party sold former residence). But given the paucity of evidence, Plaintiff's "dual state citizenship" allegation, and uncertainty as to whether Veglio used his New York residence as a temporary retreat from presumably finite Florida matrimonial proceedings or made a more permanent transition, see Am. Compl. ¶ 4, the Court cannot definitively conclude that Veglio did not change his domicile from Florida to New York prior to the filing of the Complaint.

Out of an abundance of caution, the Court therefore orders Veglio to provide an affidavit and supporting documentation regarding his domicile as of March 25, 2013. Veglio should also submit a memorandum as to whether, if he was then domiciled in New York, he is an indispensable party under Federal Rule of Civil Procedure 19(b) such that he cannot be dismissed to preserve jurisdiction. See CP Solutions PTE, Ltd. v. Gen. Elec. Co., 553 F.3d 156, 159 (2d Cir. 2009) ("Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to

preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)."). Plaintiff may submit a response to Veglio's affidavit and memorandum.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 9) to dismiss is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 12) is, to the extent it seeks a retroactive two-day extension of the Federal Rule of Civil Procedure 15(a)(1) deadline so as to render the Amended Complaint (Dkt. No. 11) an amendment as of course, **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 12) is, to the extent it seeks leave to file an amended complaint, **DENIED as moot**; and it is further

**ORDERED**, that, **within twenty-one (21) days** of the filing date of this Memorandum-Decision and Order, Plaintiff must file a signed copy of the Amended Complaint. Plaintiff is to make no other changes to the Amended Complaint. The Clerk of the Court is instructed to replace Docket Number 11 with the signed copy; and it is further

**ORDERED**, that, **within twenty-one (21) days** of the filing date of this Memorandum-Decision and Order, Defendant Veglio must submit: (1) an affidavit and supporting documentation regarding his domicile at the time the Complaint was filed; and (2) a memorandum as to whether he is an indispensable party under Federal Rule of Civil Procedure 19(b). Plaintiff may respond **within fourteen (14) days** thereafter; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      February 28, 2014
                Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge