UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHAWN DUDLA,

    Plaintiff,

  -against-                                          1:13-CV-0333 (LEK/RFT)

P.M. VEGLIO LLC, *et al.*,

    Defendants.

_____

SHAWN DUDLA,

    Plaintiff,

  -against-                                          1:14-CV-0889 (LEK/RFT)

JOHN JORDAN, *et al.*,

    Defendants.

_____

## **DECISION and ORDER**

Plaintiff Shawn Dudla ("Plaintiff") has filed a Motion for an order to show cause for injunctive relief in two related actions against various Defendants. No. 13-CV-0333, Dkt. Nos. 41-7; 42; No. 14-CV-0889, Dkt. Nos. 39; 40-8 (collectively, "Motion").[1] Plaintiff alleges that proceedings against him in Florida state court violate his constitutional rights and unduly prejudice his efforts to litigate the cases in which he has moved for injunctive relief, and seeks an injunction barring the actions in Florida state court from proceeding pending the resolution of the litigations before the Court. Mot. at 1-3. For the following reasons, the Motion is denied.

---

[1] The Motions and supporting memoranda filed in each case are identical in all respects relevant to this Decision and Order. Accordingly, citations to the Motion refer to the pagination of either No. 13-CV-0333, Dkt. No. 41-7, or No. 14-CV-0889, Dkt. No. 40-8.

"A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 1983. "Given 'the explicit wording' of the Anti-Injunction Act and 'the fundamental principle of a dual system of courts,' '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" United States v. Schurkman, 728 F.3d 129, 135 (2d Cir. 2013) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970)). "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." Atl. Coast Line R.R., 398 U.S. at 287.

Plaintiff argues that the Florida state court proceedings interfere with federal jurisdiction over his actions, and that an injunction is necessary to protect or effectuate the Court's judgments. Mot. at 20-23. However, both the Second Circuit and the Supreme Court have held that an injunction against a state court is necessary in aid of a federal court's jurisdiction only where the jurisdiction is *in rem* over property, rather than *in personam*. See Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 641 (1977); Wyly v. Weiss, 697 F.3d 131, 137-38 (2d Cir. 2012). The only exception to this general rule is "a class action proceeding so far advanced that it was the virtual equivalent of a res over which the district judge required full control." In re Baldwin United Corp., 770 F.2d 328, 337 (2d Cir. 1985). Additionally, an injunction to protect or effectuate the Court's judgments is appropriate only where a federal court has already passed a final judgment on a matter; this exception is "founded in the well-recognized concepts of res judicata and collateral estoppel."

Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).  Neither of these exceptions applies here.  The parallel actions at issue are *in personam* contracts disputes, see, e.g., Mot. at 2, and the Court has yet to render a final judgment in these matters, see generally No. 13-CV-0333, Docket; No. 14-CV-0889, Docket.  Accordingly, because no exceptions to the Anti-Injunction Act lie here, the relief that Plaintiff seeks is barred by statute and the Motion must be denied.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (No. 13-CV-0333, Dkt. No. 42; No. 14-CV-0889, Dkt. No. 39) for an order to show cause is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      October 28, 2014
            Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge